UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case No.:5:08-cv-207-Oc-10GRJ

VICTORIA RICHTER,

    Plaintiff,

vs.

MONACO COACH CORPORATION,
CUMMINS, INC., TURNING WHEEL
RV CENTER,

    Defendants.
_____/

### DEFENDANT TURNING WHEEL RV CENTER'S AMENDED ANSWER, AVOIDANCES, AFFIRMATIVE AND OTHER DEFENSES TO INITIAL, COMPLAINT, AND OBJECTION TO PLAINTIFF'S JURY TRIAL DEMAND

The Defendant, Turning Wheel RV Center ("Turning Wheel"), by and through its counsel, hereby files its Amended Answer, Avoidances, Affirmative And Other Defenses To Initial Complaint, And Objection To Plaintiff's Jury Trial Demand, and states the following:

    1.    Turning Wheel admits it is a Florida corporation with a place of business in Marion County, Florida, and is an independent corporate entity which has no agency relationship with Monaco.

    2.    Turning Wheel admits it contracted with Plaintiff, Victoria Richter, for her retail purchase of the subject 2006 Monaco Cayman motor home, and that all essential terms of that sale are contained on and governed by the typewritten Buyers Order signed by her (attached hereto as Exhibit "A"), including the express conditions, exclusions, limitations, and disclaimers contained on the front and reverse sides of that signed Buyer's Order, which reflects the final expression of

terms between Plaintiff and Turning Wheel.

3. Defendant Turning Wheel specifically and severally denies each and every remaining allegation set forth in the operative Complaint except as they may have been specifically admitted herein. Further, Defendant denies each and every allegation or re-allegation not specifically admitted herein to the extent they may insert or imply liability against this Defendant. Finally, Defendant specifically and severally denies all allegations not specifically admitted which pertain to any derivative, constructive or vicarious liability of this Defendant.

4. Turning Wheel specifically and severally denies each and every claim for damages or relief set forth in the **ad damnum** clauses and elsewhere in the operative Complaint.

## AVOIDANCES, AFFIRMATIVE AND OTHER DEFENSES

Defendant respectfully requests judgment be entered in its favor based upon the following avoidances, affirmative and other defenses:

1. Plaintiff's claims directed against Defendant fail to state any cause of action under applicable law and fail to state a claim upon which relief can be granted.

2. To the extent Plaintiff's claims are based on alleged warranties, advertising, representations, or undertakings beyond the terms of the signed, typewritten Buyer's Order, such claims are barred by the contractual exclusions/disclaimers, as well as the doctrines of merger, integration, the parol evidence rule, the statute of frauds, the doctrine against splitting causes of action, and/or the application of the doctrines of res judicata and collateral estoppel.

3. Plaintiff's claims against Defendant fail based on the express terms, limitations, remedy/damage exclusions, and the disclaimers set forth in her Buyer's Order/contract.

4. Plaintiff's claims against Defendant fail because Plaintiff waived such claims by

failing to raise them in a timely manner and by Plaintiff's continuing to use the subject vehicle.

5. Plaintiff's claims against this Defendant fail because it made no warranties whatsoever, express or implied, covering the subject vehicle. Any warranties which may exist on the subject vehicle are those issued exclusively by its manufacturer(s) and/or the manufacturer(s) of its various components. Defendant conspicuously disclaimed any express and implied warranties, as well as any claim seeking rescission, revocation of acceptance, or a refund remedy.

6. Plaintiff's claims for relief and incidental/consequential/special damages (including but not limited to the return of the purchase price, loss of use, lost income, lost opportunities, expenses of living, incidental damages, and attorneys fees) were disclaimed and/or excluded by the express terms of the Buyer's Order such that Defendant has no liability for them.

7. Even if this Defendant had warranted the subject vehicle, which Defendant denies, one or more of the alleged non-conformities were repaired in the past such that they no longer exist. Consequently, historic/corrected nonconformities are not actionable.

8. Even if this Defendant had warranted the subject vehicle, which Defendant denies, this Defendant is not liable to Plaintiff because he failed to provide Defendant itself with timely and proper notice, and a reasonable opportunity to cure any alleged failure of Defendant to comply with any warranty obligations owed by it.

9. Plaintiff failed to use reasonable care to mitigate any alleged damages by failing to take reasonable measures to prevent, and/or minimize the losses being claimed as damages, thereby barring or diminishing such claims.

10. In the event Plaintiff is entitled to any recovery, Defendant is entitled to a reasonable set-off for Plaintiff's use and resulting depreciation of the subject vehicle.

11. Defendant is entitled to a setoff for monies and compensation received by Plaintiff through a judgment, settlement, or otherwise from any party or non-party in relation to the damages alleged in the Complaint, and/or for Plaintiff's use of the subject vehicle.

12. The subject vehicle has naturally depreciated in value over time and not as the proximate result of Defendant's failure to comply with any warranty obligation owed by this Defendant. Thus, Plaintiff cannot recover such depreciation from Defendant.

13. In the event Plaintiff prevails on one or more claims in the operative Complaint, Plaintiff must elect a remedy so as to not receive a double or windfall recovery.

14. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, unclean hands, and/or laches, by the applicable limitations period, by the doctrines of accord/satisfaction, novation/release, and avoidable consequences.

15. To the extent Plaintiff seeks recovery of hedonic or emotional type damages, such claims are barred by Florida's Impact Rule and are otherwise non-cognizable against Defendant.

16. Plaintiff's demand for equitable relief and/or a refund are legally deficient and unrecoverable, and also fail because Plaintiff cannot demonstrate the absence of a legal remedy.

17. Plaintiff's demands for equitable relief, including but not limited to a refund of their purchase price, is merely an improperly badged claim for revocation of acceptance–which claim is legally deficient, contractually disclaimed, and also barred due to Plaintiff's ratification of the subject sale transaction, Plaintiff's untimely and legally insufficient notice thereof, Plaintiff's continued use of the subject vehicle, the resulting mileage, change of condition and depreciation to the subject vehicle, and consequently, Plaintiff's inability to restore the respective parties to the status quo, because Defendant did not impliedly or expressly warrant the condition of the subject vehicle, and

because the alleged defects, if any, do not substantially impair the value of the subject vehicle.

18.The damages claimed by Plaintiff was not caused by any act or omission of Defendant and were not foreseeable, which bars them from such relief.

19.To the extent that the alleged problems with the subject vehicle were caused by improper use or maintenance, or other acts, omissions, or circumstances beyond Defendant's control, Plaintiff is barred from any such recovery.

20.Plaintiff failed to adequately preserve and maintain the subject vehicle and all of its component parts in their alleged condition and because there has been a deterioration and/or spoliation of the evidence by Plaintiff, her claims should be barred and/or proportionately reduced.

21.Plaintiff failed to attach to his Complaint a complete copy of any "written warranty" or "service contract" upon which they predicate one or more claims against this Defendant, rendering such claims legally deficient.

22.In the *ad damnum* clause contained within the Counts pled against this Defendant, Plaintiff seeks measures/types of damages which are unavailable as a matter of law.

23.Plaintiff is barred from any relief under Count IV (Fla. Stat. § 320), as this Defendant did not make any "alterations" or "modifications" to the subject vehicle which would be actionable under the mobile home statutory scheme set forth in Chapter 320.

24.Plaintiff's claim(s) against this Defendant are filed in bad faith because they are based in whole or part on Plaintiff's financial insolvency/inability to pay for the subject vehicle and ongoing expenses relating thereto.

25.Even if Plaintiff were to prevail on the claims against this Defendant, any award of attorney's fees thereunder would be discretionary at the determination of this Court. The facts and

circumstances of this case do not justify such an award, and Plaintiff should therefore be precluded from such an award.

26.     Plaintiff has no right to a jury trial in this action, as her claim against this Defendant is based entirely on a statute which did not exist at common law, and does not direct a jury to serve as a finder of fact. Finally, the relief sought by Plaintiff may include equitable relief, for which there is no right of jury trial. Consequently, Plaintiff has neither an express, nor a *constitutional,* right to a jury trial in this action.

### Defendant's Demands For Attorney's Fees

Defendant demands payment of its attorney's fees incurred in defending this action, pursuant to Fla. Stat. § 320.838, § 768.79, and Fed. R. Civ. P. 68.

WHEREFORE, Defendant, Turning Wheel RV Center, respectfully requests that the Court enter judgment in favor of Turning Wheel, and to reserve jurisdiction to award Turning Wheel its costs and attorney's fees as are provided by law.

RESPECTFULLY SUBMITTED this  26  day of  June , 2008

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on  June 26, 2008  I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice

of electronic filing to the following: D. Rand Peacock at dpeacock@kahnandassociates.com; and Jessie Harrell @ jharrell@foley.com.

                                               S/W. Scott Powell
                                               W. SCOTT POWELL, ESQUIRE
                                               Florida Bar Number: 798886
                                               POWELL & PEARSON, LLP
                                               399 Carolina Avenue, Suite 100
                                               Winter Park, FL 32789
                                               (407) 647-5551
                                               (407) 647-5553
                                               Attorney for Defendant
                                               Turning Wheel RV Center
                                               SPowell@powellpearson.com



3040 N.W. Gainesville Rd. Ocala, Florida 34475  
www.turningwheelrv.com

Phone: (352) 368-6645  
Fax: (352) 368-3620

| BUYER | CO-BUYER OR COMPANY NAME |
|---|---|
| VICTORIA LYNN RICHTER | |
| **ADDRESS** 3610 N. BRAVO DR. | **ADDRESS** |
| **CITY** BEVERLY HILLS **STATE** FL **ZIP** 34465- | **CITY** **STATE** **ZIP** |
| **RES. PHONE** **BUS. PHONE** | **RES. PHONE** **BUS. PHONE** |
| **SOC. SEC.#** 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 **D.O.B.** 9/8/1960 | **SOC. SEC.#** **D.O.B.** |
| **DRIVERS LICENSE #** P100876608280 **STATE** | **DRIVERS LICENSE #** **STATE** |

| COUNTY | CITRA | DATE | 1/16/2006 | SALESMAN 1 PHIL BRIASCO | SALESMAN 2 |

| 1 NEW / 2 USED / 3 DEMO | STOCK# | YEAR | MAKE | MODEL | VEHICLE IDENTIFICATION NUMBER | MILEAGE | COLOR |
|---|---|---|---|---|---|---|---|
| NEW | CAYM381 | 2006 | CAYMAN | 36PDQ | 1RF51474861038123 | 003131 | MAROON |

| NEW LIEN HOLDER NATIONAL CITY | PRICE OF UNIT | $ | $173,690.00 |
|---|---|---|---|
| ADDRESS 6750 MILLER ROAD, LOC 71 | DEALER INSTALLED EQUIPMENT: | + | $0.00 |
| CITY BRECKSVILLE  STATE OH  ZIP 44141- | GAP Protection | | $1,995.00 |
| PHONE (800) 622-4091  ACCOUNT NO. | Theft Protection/Road Guard | $ | $359.00 |
| INSURANCE CO. | *FREIGHT | | $0.00 |
| POLICY NO. | *HANDLING | | $0.00 |
| AGENT  PHONE | | | |
| **TRADE-IN INFORMATION** | TOTAL PRICE OF UNIT WITH OPTIONS | $ | $176,044.00 |
| YEAR 2004 MAKE ITASCA MODEL M21-B BODY TYPE C COLOR | TRADE ALLOWANCE AND/OR DISCOUNT | − | $66,000.00 |
| VEHICLE IDENTIFICATION NUMBER WV3A647083H113063 | | | |
| TAG NO.  MILEAGE 005800 | TRADE DIFFERENCE | | $110,044.00 |
| **TRADE-IN INFORMATION** | SERVICES & HANDLING This change represents the costs and profit to the seller/dealer for items such as inspecting, cleaning, adjusting new and pre-owned vehicles and preparing documents related to the sale. | + | $299.50 |
| YEAR MAKE MODEL BODY TYPE COLOR | | | |
| VEHICLE IDENTIFICATION NUMBER | | | |
| TAG NO.  MILEAGE | WASTE TIRE AND LEAD-ACID BATTERY FEE | + | $15.00 |
| **PAYOFF INFORMATION** | SUB-TOTAL | | $110,358.50 |
| LIEN HOLDER BANK OF AMERICA SPECIALTY FINAN | SALES TAX | | $6,647.53 |
| ADDRESS P.O. BOX 2759 | *EXTENDED WARRANTY | + | $2,749.00 |
| CITY JACKSONVILLE  STATE FL  ZIP 32203-2759 | WARRANTY TAX | | $178.69 |
| PHONE (800) 248-6707  ACCOUNT NO. 5101000287 | OTHER Electronic Filing Fee | | $17.00 |
| CONFIRMED AMOUNT $ $35,643.84  GOOD TIL | TAG AND TITLE TRANSFER FEE | | $200.00 |
| QUOTED BY  CONFIRMED BY | PAYOFF ON TRADE | + | $35,643.84 |
| **ESTIMATED PAYOFF ACKNOWLEDGEMENT** I UNDERSTAND THE PAYOFF AMOUNT OF $ $35,643.84 IS ONLY AN ESTIMATE. I AGREE IF THE ESTIMATED PAYOFF AMOUNT IS HIGHER, I WILL PAY TURNING WHEEL THE BALANCE DUE. IF THE ESTIMATED PAYOFF IS LOWER, TURNING WHEEL WILL REFUND THE DIFFERENCE. | TOTAL PRICE | $ | $155,794.56 |
| | TOTAL DOWN PAYMENT | | $10,000.00 |
| | TOTAL AMOUNT DUE OR FINANCED | $ | $145,794.56 |
| ☐ BUYER'S INITIAL HERE   ☐ CO-BUYER'S INITIAL HERE | BALANCE DUE | $ | N/A |

SALES MANAGER _____  
BUSINESS MANAGER _____  
BUYER X _Victoria L Richter_  
CO-BUYER _____

*Dealer may retain or receive a portion of this amount.  
PURCHASER UNDERSTANDS THAT THIS AGREEMENT INCLUDES ALL OF THE TERMS AND CONDITIONS ON THE FACE AND REVERSE SIDE HEREOF. THIS AGREEMENT IS NOT VALID UNTIL DULY ACCEPTED BY BUYER AND DEALERSHIP MANAGER.

Exhibit "A"

ADDITIONAL TERMS AND CONDITIONS

1. As used in this order, the terms (a) "Dealer" shall mean the authorized Dealer to whom this order is addressed and who shall become a party hereto by its acceptance hereof, (b) "Purchaser" shall mean the party executing this order as such on the face hereof, and (c) "Manufacturer" shall mean the particular manufacturers that manufactured the vehicle or chassis purchased, it being understood by Purchaser and Dealer that Dealer is in no respect the agent of the Manufacturer, that Dealer and Purchaser are the sole parties to this order and that reference to Manufacturer herein is for the purpose of explaining generally certain contractual relationships existing between Dealer and Manufacturer, with respect to new motor vehicles.

2. Manufacturer has reserved the right to change the price to Dealer of new motor vehicles without notice. In the event the price to Dealer of new motor vehicles of the series and body type ordered hereunder is changed by Manufacturer prior to delivery of the new motor vehicle ordered hereunder to Purchaser, Dealer reserves the right to change the cash delivered price of such motor vehicle to Purchaser accordingly . If such delivery price is increased by Dealer, Purchaser may, if dissatisfied therewith, cancel this order, in which event if a used motor vehicle has been traded on as part of the consideration for such new motor vehicle, such used motor vehicle shall be returned to Purchaser upon payment of reasonable charge for storage and repairs (if any) or, it such used motor vehicle has been previously sold by Dealer, then the amount received therefore, less a selling commission of 15% and any expense incurred in storing, insuring, conditioning or advertising said motor vehicle for sale, shall be returned to Purchaser.

3. If the used motor vehicle which has been traded in as part of the consideration for the motor vehicle ordered hereunder is not delivered to Dealer until delivery to Purchaser of such motor vehicle, the used motor vehicle shall be reappraised at that time and such reappraised value shall determine the allowance made for such used motor vehicle. If such appraised value is lower than the original allowance therefore shown on the front of this order, Purchaser may, if dissatisfied therewith, cancel this order, provided, however, that such right to cancel is exercised prior to the delivery of the motor vehicle ordered hereunder to the purchaser and surrender of the used motor vehicle to Dealer.

4 Unless this Order shall have been canceled by Purchaser, under and in accordance with the provisions at paragraph 2 or 3 above, Dealer shall have the right. upon failure or refusal of Purchaser to accept delivery of the motor vehicle ordered hereunder and to comply with the terms of the order, to retain as liquidated damages any cash deposit made by Purchaser, and, in the event used motor vehicle has been traded in as, a part of the consideration for the motor vehicle ordered hereunder, to sell such used motor vehicle and reimburse him/herself out of the proceeds of such sale for the expenses specified in paragraph 2 above and for such other expenses and losses as Dealer may incur or suffer as a result of such failure or refusal by Purchaser.

5. Manufacturer has reserved the right to change the design of any new motor vehicle, chassis, accessories or parts thereof any time without notice and without obligation to make the same or any similar change upon any motor vehicle, chassis, accessories or parts thereof previously purchased by or shipped to Dealer or being manufactured or sold in accordance with Dealer's orders. Correspondingly, in the event of any such change by Manufacturer, Dealer shall have no obligation to purchaser to make the same or any similar change in any motor vehicle, chassis, accessories or parts thereof covered by this order either before or subsequent to delivery thereof to Purchaser.

6. Dealer shall not be liable for failure to deliver or delay in delivering the motor vehicle covered by this order where such failure or delay is due, in whole or in part to any cause beyond the control or without the fault or negligence of Dealer. In the event delivery of the vehicle being purchased cannot be made within thirty(30) days, the used motor vehicle traded in would be subject to reappraisal in accordance with reappraisal terms as specified in item 3 above.

7. The price for the motor vehicle specified on the face of this order includes reimbursement for Federal Excise taxes but does not include sales taxes, use taxes or occupational taxes based on sales volume (Federal, State or Local) unless expressly so stated. Purchaser assumes and agrees to pay, unless prohibited by law, any such sales, use or occupational taxes imposed on or applied to the transaction covered by this order regardless of which party may have primary tax liability therefore.

8. The Purchaser, before or at time of delivery of the motor vehicle covered by this order, will execute such other forms of agreement of documents as may be required by the terms and conditions of payment indicated on the front of this order.

9. The Dealer does not warrant or in any way guarantee the mileage indicated on this vehicle's odometer to be accurate, correct or that it may not have been so changed or adjusted by owners or persons in possession prior to Dealer.

LIMITATIONS AS TO WARRANTIES

10. NEW: "As Is". The only warranties applying to this vehicle are those offered by the Manufacturer. The selling dealer hereby expressly disclaims all warranties, either express or implied, including any implied warranties of merchantability or fitness for a particular purpose, and neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this vehicle. Buyer shall not be entitled to recover from the selling dealer any consequential damages to property, damages for loss of use, loss of time, loss of profits, or income, or any other incidental damages.

11. USED: (with remaining transferable manufacturer's warranty): "As is...", The only warranties applying to this vehicle are those offered by the manufacturers and the applicability of an existing manufacturer's, if any, shall be determined solely by such manufacturer's warranty. The selling dealer hereby expressly disclaims all warranties, either express or implied, including any implied warranties of merchantability or fitness for a particular purpose, and neither assumes nor authorizes any other person to assume for it any liability in connection with the sales of this vehicle. Buyer shall not be entitled to recover from the selling dealer any consequential damages, damages to property, damages for loss of use, loss of time, loss of profits, or income or any other incidental damages.

12. USED: (other): "As is... with all faults": Any used vehicle sold to Purchaser by Dealer under this order is sold at time of delivery by Dealer without any guarantee or warranty, expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, as to its condition or the condition of any part thereof except as may be otherwise specifically provided in writing on the face of this order or in a separate writing furnished to Purchaser by Dealer.