UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VICTORIA RICHTER,

    Plaintiff,

-vs-                                        Case No. 5:08-cv-207-Oc-10GRJ

MONACO COACH CORPORATION,
CUMMINS, INC., TURNING WHEEL RV
CENTER,

    Defendants.

_____

## **O R D E R**

The Plaintiff has filed a four count Complaint for violations of the Magnuson-Moss Federal Warranty Improvement Act, 15 U.S.C. § 2301, *et. seq.*, and the Florida Motor Vehicle Warranty Enforcement Act, commonly known as the Florida Lemon Law, Fla. Stat. § 681.10 *et. seq*. The Plaintiff seeks relief under these federal and state laws for breach of warranty to recover for the alleged defects in her recreational vehicle. The Plaintiff has sued Defendants Monaco Coach Corporation,[1] Cummins, Inc., and Turning Wheel RV Center.[2] The case is before the Court for consideration of Defendant Cummins, Inc.'s

---

[1] Monaco Coach Corporation has filed a "Notice of Bankruptcy Filing" (Doc. 47) and a "Suggestion of Bankruptcy" (Doc. 50), which operates to stay the proceedings with respect to Monaco Coach Corporation.

[2] On December 10, 2008, the Court entered an order dismissing with prejudice the claims against Turning Wheel RV Center based on the Parties' Stipulation of Voluntary Dismissal. (Doc. 42).

Motion for Summary Judgment (Doc. 45). The Motion is ripe for review, and is due to be granted.

## Background and Procedural History

On January 16, 2006, the Plaintiff purchased a 2006 Monaco Cayman RV from Turning Wheel RV Center. The RV contains a Cummins' engine and an Onan generator, both of which are covered by a Cummins' Limited Warranty. It is undisputed that immediately following the purchase, the Plaintiff encountered several problems with the RV. With respect to Cummins' parts, there were three (3) engine defects that Cummins serviced. The Plaintiff also claims that she experienced problems with the generator.

### The RV Engine

On March 30, 2007, the Plaintiff reported to Cummins that the RV's engine would not start. Cummins determined that the problem was a faulty Electronic Control Module (ECM). The ECM controls the electronic features on the engine and sends signals to the dashboard. Cummins replaced the ECM under its Limited Warranty. The repair took five (5) days. It is undisputed that the ECM has not failed since the repair.

On May 11, 2007, the Plaintiff reported to Cummins that the check engine light was on in the RV. Cummins discovered that the light came on because there was water located in the fuel line. Cummins contends that the presence of the water in the fuel line was the result of poor maintenance, which was not covered under the Cummins Limited Warranty. Regardless, Cummins replaced the fuel filter under the Limited Warranty as a customer

courtesy. The repair took one (1) day. It is undisputed that the there has not been another issue with the fuel filter since the repair.

In late 2007, the Plaintiff reported to Cummins that the check engine light was on in the RV. On December 31, 2007, Cummins inspected the engine and determined that there was an issue with the EGR pressure differential sensor. Cummins told the Plaintiff that the issue could be remedied at the Plaintiff's residence, and that it was covered under the Cummins' Limited Warranty. However, the Plaintiff refused because "[she] was advised not to" the repair of the part. On October 16, 2008, during the Plaintiff's deposition in this case, the Plaintiff stated that she would allow the repair of the EGR sensor if her attorney permitted it, and she subsequently agreed to the repair. On November 14, 2008, Cummins replaced the EGR sensor and harness in the RV. The repair took one (1) day.

The Plaintiff has not submitted the RV engine to Cummins for repair or otherwise complained about the engine to Cummins since the November 14, 2008 repair.

**The RV Generator**

In August 2006, the Plaintiff had the generator serviced by a Mr. Thayer on behalf of Turning Wheel RV. The Plaintiff has no paperwork regarding the service. On September 29, 2006, RV Connection also worked on the generator upon the recommendation from Mr. Thayer. There is no evidence in the record to show that RV Connection and Mr. Thayer are Cummins' authorized repair facilities, and it appears that the Plaintiff agrees that Mr. Thayer and RV Connections are unrelated to Cummins.

On April 6, 2007, the Plaintiff complained to Cummins that the RV's generator would not operate. According to Cummins, the RV had a wiring problem unrelated to the generator. On May 11, 2007, the Plaintiff brought the RV back to Cummins to inspect the generator because she was experiencing the same problem. Cummins determined that there was no issue with the generator, and, therefore, there was no Cummins' Limited Warranty coverage. After the May 11, 2007 inspection, the Plaintiff did not bring the RV to another Cummins' authorized repair facility to address any problems with the generator.

## **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." Samples on Behalf of Samples v. Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). As the Supreme Court held in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." Rollins v. Techsouth, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or

other admissible evidence to demonstrate that a material fact issue remains to be tried. Celotex, 477 U.S. at 324.

**Discussion**

I.  Count III - Breach of Warranty Under Florida Lemon Law Against Cummins

The Plaintiff claims that Cummins was unable, unwilling and/or has refused to conform her RV to Cummins' Limited Warranty in violation of the Florida Motor Vehicle Warranty Enforcement Act (Florida Lemon Law). With respect to this claim, the Plaintiff submitted a grievance to the RV Mediation and Arbitration Program as mandated by Florida law. See Fla. Stat. § 681.1097.

By order dated February 20, 2008, the arbitrator concluded that the Plaintiff did not satisfy the requirements of the Florida Lemon Law and declined to award the Plaintiff any requested relief. Specifically, the arbitrator found "[t]hat there was no evidence or testimony whatsoever to establish any nonconformity in the motor home impairing its use, value or safety." The Plaintiff alleges that the arbitrator erred by failing to find in the Plaintiff's favor and asks the Court to review the decision *de novo* in Count III of the Complaint. See Fla. Stat. 681.1097(7) (a decision of the arbitrator is binding unless

appealed by either party by filing a petition with the circuit court[3] within the time and manner prescribed by Fla. Stat. §§ 681.1095(10)and (12)).[4]

Upon independent examination, the Court finds that the Plaintiff's Florida breach of warranty claim fails as a matter of law because the Plaintiff cannot rebut the presumption that Cummins repaired all of the engine defects under the warranty within a reasonable number of attempts, and there was no warrantable failure with regard to the generator. The Florida Lemon Law provides that if a motor vehicle does not conform to the warranty, the manufacturer and its authorized service agent shall make such repairs as necessary to conform the vehicle to the warranty. Fla. Stat. § 681.103(1). If the manufacturer or its authorized service agent cannot conform the motor vehicle after a reasonable number of attempts, the manufacturer shall repurchase or replace the motor vehicle. Fla. Stat. § 681.104(2)(a).

The Florida Lemon Law further states that it is presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to the warranty if the same nonconformity has been subject to repair at least three times by the manufacturer or its

---

[3]The Plaintiff filed the Complaint and Petition for Review in the Circuit Court in and for Citrus County, Florida. The case was removed on May 28, 2008 based on the federal Magnuson-Moss Warranty claim.

[4]There is a dispute regarding the timeliness of the appeal, which is the subject of Defendant Cummins' Motion to Dismiss (Doc. 14). However, in light of the fact that the Court grants summary judgment in Cummins' favor, the Court does not reach the merits of the timeliness issue.

authorized service agent, plus a final attempt by the manufacturer to repair the motor vehicle, and such nonconformity continues to exist.[5]  Fla. Stat. § 104(3)(a).

With respect to the three engine defects, the Plaintiff contends that genuine issues of material fact remain because, although the engine has only been repaired three times, the statute creates a mere presumption that three attempts is reasonable and she is entitled to rebut the presumption. Assuming arguendo that the ECM, fuel filter and EGR defects are the "same nonconformity" for purposes of Fla. Stat. § 104(3)(a) – which the Court gravely doubts – the Plaintiff has no evidence to rebut the statutory presumption.

The Plaintiff argues that the fact that Cummins made repeated attempts to repair the engine is enough to overcome the presumption. The Court is not persuaded by this argument because the Plaintiff cannot rebut the statutory presumption that three attempts is reasonable by arguing the same number of attempts is unreasonable with nothing more. This is especially true where the RV was out of service for only seven days due to the nonconformity, and it is undisputed that the nonconformity does not continue to exist. Accordingly, the Plaintiff cannot establish a breach of warranty claim under the Florida Lemon Law based on the remedied engine defects.

---

[5]Fla. Stat. § 681.104(3)(b) also states that it is presumed that a reasonable number of attempts have been undertaken if the motor vehicle has been out of service by reason of repair of one or more nonconformities by the manufacturer for a cumulative total of 60 or more days. However, the undisputed evidence shows that the motor vehicle was out of service by reason of repair of the noncomformities for a cumulative total of seven (7) days.

Further, the Plaintiff's allegations that Cummins breached its warranty because of problems with the Onan generator are completely unsupported by the evidence. It is undisputed that there was no warrantable defect with respect to the generator for Cummins to fix. The Plaintiff contends that the generator became defective in 2006 when it would not operate. The Plaintiff brought the generator to Mr. Thayer and RV Connection for inspection, although they are not Cummins' authorized service agents.

April 6, 2007 was the first time the Plaintiff presented the generator to Cummins for inspection, at which time Cummins determined that there was an issue with the RV's wiring, and not an issue with the generator. On May 11, 2007, the Plaintiff brought the generator back to Cummins because she was experiencing the same problem. Upon inspection, Cummins determined that there was no problem with the generator, and, therefore, no failure covered by the warranty. The Plaintiff has presented no evidence to refute Cummins' findings.[6]

---

[6]On May 20, 2009, the Court conducted a pretrial conference, at which time the Plaintiff stated, through counsel, that she had an expert witness, Richard Falco, who would testify that at least part of the problem could be attributed to the Cummins' generator. The Plaintiff untimely disclosed Richard Falco as an expert witness to Cummins on May 15, 2009 during the Parties' preparation of the joint pretrial statement. (Doc. 59). Although the Plaintiff included Mr. Falco's name in the statement, she has not filed an expert report, has not moved to amend her Rule 26 disclosures under the Federal Rules of Civil Procedure as of the date of this Order, and did not rely on Mr. Falco's opinion in her Response to the Defendant's Motion for Summary Judgment. There is simply no evidence regarding Mr. Falco's expert opinion that the Court may consider for purposes of determining summary judgment. See Fed. R. Civ. P. 56. Further, even if the Plaintiff's inclusion of Mr. Falco's name on the pretrial statement is construed as a motion to amend her Rule 26 disclosures, the Defendant's Oral motion made during the pretrial conference to exclude the expert is due to be granted. The Plaintiff made no showing that the failure to include Mr. Falco was substantially justified or harmless. See Fed. R. Civ. P. 37(c).

II. <u>Count VI - Breach of Warranty Under the Magnuson-Moss Federal Trade Act Against Cummins</u>

The Plaintiff brings a claim for breach of Cummins' Limited Warranty under the Magnuson-Moss Warranty Act based on the engine's defects and the alleged defective generator. The Magnuson-Moss Warranty Act does not supplant state law. Unless the Act specifically prescribes a regulating rule, state law should be applied to warranty claims brought under the act. <u>Hache v. Damon Corp.</u>, 2008 WL 2157057 (M.D. Fla. 2008) (citing <u>Bailey v. Monaco Coach Corp</u>. 350 F.Supp.2d 1036 (N.D. Ga. 2004)). Because the Magnuson-Moss Warranty Act does not expressly modify Florida law with respect to limited warranties, Florida law applies to the claim. <u>See</u> <u>Id.</u> at *2.

In this case, Cummins gave the Plaintiff a limited warranty for the engine and the Onan generator. The warranty limited the Plaintiff's remedies to repair and replacement. Under Florida law, a warrantor is permitted to limit remedies under the warranty to the repair and replacement of defective parts. Fla. Stat. § 672.719. Only if the repair-or-replace limited warranty "fails of its essential purpose" may the consumer seek to recover any remedy provided by Florida law. <u>Id.</u> A repair-or-replace warranty fails of its essential purpose if the warrantor does not successfully repair defects within a reasonable time or within a reasonable number of attempts. <u>See</u> <u>Typographical Service, Inc. v. Itek Corp.</u>, 721 F.2d 1317 (11th Cir. 1983).

The Plaintiff claims that the essential purpose of the limited warranty failed in this case because Cummins was unable to repair the defects within a reasonable number of

attempts; but, as previously discussed in this Order, the Plaintiff cannot demonstrate that the number of repairs on the engine were unreasonable. The Plaintiff reported the ECM, fuel filter, and EGR issues to Cummins, which were promptly fixed within seven cumulative days. It is undisputed that the Plaintiff has not reported any problems with the engine since the third repair. Further, although the Plaintiff reported problems with the generator to Cummins on two occasions, the uncontroverted evidence shows that there was no warrantable failure with regard to the generator. Accordingly, the Plaintiff cannot show that Cummins breached its limited warranty.

## **Conclusion**

Accordingly, upon due consideration, it is ordered that:

(1)     Defendant Cummins' Motion for Summary Judgment (Doc. 45) is GRANTED;

(2)     Defendant Cummins' Motion to Dismiss and Motion to Convert Motion to Dismiss Into Motion for Summary Judgment (Docs. 9, 16) are DENIED AS MOOT;

(3)     Defendant Cummins' Motions in Limine (Docs. 51, 52, 66) are DENIED AS MOOT;

(4)     Defendant Cummins' Motion to Strike Jury Demand (Doc. 53) is DENIED AS MOOT;

(5)     The Plaintiff's Motion to Continue Trial (Doc. 64) is DENIED AS MOOT; and

(6)     The Clerk is directed to enter judgment in favor of Defendant Cummins with costs to be assessed according to law.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 2d day of June, 2009.

                                                                    *[signature]*
                                                                   UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record